UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL HERNANDEZ,

    Petitioner,

v.

HUNTER ANGLEA,

    Respondent.

No. 2:18-cv-1735 DB P

ORDER

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to § 2254. Petitioner claims he was denied due process and is not being given the benefit of proposition 57. Presently before the court is petitioner's motion to proceed in forma pauperis (ECF No. 2) and his petition for screening (ECF No. 1).

**IN FORMA PAUPERIS**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**SCREENING**

**I.**     **Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to

////

Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II. The Petition

Petitioner states the basis for relief is his 1997 conviction and sentence in the Superior Court of Sacramento County. (ECF No. 1 at 1.) Petitioner claims he received a third-strike sentence of twenty-five years-to-life for an in-prison drug offense. (Id. at 4.) He states the offense is a non-violent offense and is not listed in California Penal Code § 667.5(c). He further alleges the California Department of Corrections and Rehabilitation is not giving him the benefit of Proposition 57 and considering him for parole. He claims he has a liberty interest in parole that is being denied. An attachment to the petition shows that his petition for writ of habeas corpus was denied by the Supreme Court of California on May 16, 2018. (Id. at 6.)

## III. Analysis

Federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." Id. at 489.

The Ninth Circuit has adopted a rule that if "a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus, but must be brought, 'if at all,' under §1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [petitioner's] claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

2

Petitioner claims that his due process rights under the Fourteenth Amendment have been violated because he has been denied the benefit - parole consideration - of Proposition 57.

On November 8, 2016, the California voters approved The Public Safety and Rehabilitation Act of 2016—Proposition 57—and it took effect the next day. People v. Marquez, 11 Cal.App.5th 816, 820-21 (Cal. App. 2017); Cal. Const., Art. II, § 10(a). Proposition 57 changed California's parole eligibility rules. Specifically, it added section 32 to article I of the California Constitution. That section provides, in pertinent part:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
>
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.

Cal. Const., art. I, § 32.

Because earlier parole consideration does not necessarily mean speedier release from prison, petitioner's claims do not fall within the "core of habeas" and must be brought, if at all, as a civil rights action under 42 U.S.C. § 1983. Nettles, 830 F.3d at 934-35; see also Solano v. Calif. Substance Abuse Treat. Fac., No. CV 17-2671-RGK (AGR), 2017 WL 5640920, at *1-2 (C.D. Cal. Oct. 24, 2017) (habeas claims regarding Prop. 57 should be brought in § 1983 action), rep. and reco. adopted, 2017 WL 5641027 (C.D. Cal. Nov. 21, 2017); McCarary v. Kernan, No. 2:17-cv-1944 KJN P, 2017 WL 4539992, at *2 (E.D. Cal. Oct. 11, 2017) (challenge to applicability of Prop. 57 properly brought in civil rights action).

Petitioner claims he is entitled to relief because he has not been given the benefit of Proposition 57. However, Proposition 57 relief "would not necessarily lead to [petitioner's] immediate or earlier release from confinement," but rather a discretionary parole hearing where the parole board could decline to grant parole. Nettles, 830 F.3d at 935. Therefore, petitioner's

3

claim does not fall within the "core of habeas corpus." Id.

In an appropriate case, a habeas petition may be construed as a section 1983 complaint. Id. at 935-36. However, the court notes that there are several significant differences in proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is $400 and under the Prison Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on these differences between habeas and civil rights cases, rather than construe the petition as a civil rights action, the court will give petitioner an opportunity to amend to assert a claim under 42 U.S.C. § 1983 if he chooses.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The petition is dismissed without prejudice. Petitioner may amend his pleading and present his Proposition 57 claim in a civil right complaint pursuant to 42 U.S.C. §1983, rather than a habeas petition. The Clerk of Court shall send petitioner a blank civil rights complaint form along with a copy of this order.

2. Should petitioner choose to amend and present this claim in a civil rights action, he must file a civil rights complaint within thirty days of the filed date of this order. Petitioner is advised that he must make the complaint a stand-alone pleading. The court cannot refer back to petitioner's dismissed habeas petition in order to make the complaint complete. Local Rule 220 requires that a new complaint be complete in itself without reference to any prior pleading.

////

3. If petitioner chooses to amend to assert his Proposition 57 claim under 42 U.S.C. § 1983, he should file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1). Petitioner's failure to file a complaint or otherwise respond to this order will result in a recommendation that his action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

Dated: November 28, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas.hern1735.scrn